IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GENTRY COLLINS JR. | § | |
| v. | § | CIVIL ACTION NO. 6:21cv364 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Gentry Collins,[1] a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this petition for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Collins was charged with assault causing bodily injury through impeding breathing or circulation of a person with whom he had a dating relationship, enhanced by two prior convictions. He pleaded guilty to the charge and elected to have a jury trial to determine punishment and a deadly weapon finding. On August 10, 2017, the jury sentenced Collins to 56 years in prison and found that he had used a deadly weapon - his hands - in the commission of the offense.

Collins took a direct appeal, and his conviction was affirmed by the Twelfth Judicial District Court of Appeals on March 29, 2018. Gentry v. State, slip op. no. 12-17-00251, 2018 WL 1569365

---

[1] Collins lists his name as "Gentry Collins," but he is identified as "Collins Gentry" in the state court records. The Court will use the name "Gentry Collins," as he does.

(Tex.App.-Tyler, March 29, 2018, no pet.). He did not seek discretionary review from the Texas Court of Criminal Appeals.

On May 31, 2018, Collins submitted a motion for leave to file an original writ of habeas corpus, and an original writ of habeas corpus, to the Texas Court of Criminal Appeals. The motion for leave to file was denied on July 11, 2018. (Docket no. 10-18, p. 1; docket no. 10-19, p. 1).

On November 25, 2019, Collins filed a state habeas petition in the district court in Wood County where he was convicted. This petition was denied without written order by the Texas Court of Criminal Appeals on February 19, 2020. (Docket no. 10-20, p. 1; docket no. 10-21, p. 4). He signed his federal habeas corpus petition on September 7, 2021. (Docket no. 1, p. 13).

In his federal habeas petition, Collins argues that: (1) the evidence was insufficient to support his conviction, apparently referring to the deadly weapon finding; (2) the prosecution was vindictive against him because he exercised his right to a jury trial; and (3) counsel was ineffective by failing to subject the prosecution's case to adversarial testing.

The Respondent has filed an answer arguing that Collins' petition is barred by the statute of limitations. Collins did not file a reply to the answer; consequently, the allegations of the answer shall be taken as true except to the extent that the Court finds they are not true. 28 U.S.C. §2248.

## II. Discussion

A. The Statute of Limitations

The statute of limitations, set out in 28 U.S.C. §2244(d), reads as follows:

**(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  **(C)** the date on which the constitutional right asserted was recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. Application of the Law on Limitations to the Facts

Collins took a direct appeal of his conviction, which was affirmed by the Twelfth Judicial District Court of Appeals on March 29, 2018. He did not seek discretionary review; consequently, his conviction became final when the time to do so elapsed, on Monday, April 30, 2018. His limitations period began to run at that time and expired on Tuesday, April 30, 2019, absent the operation of other factors.

In this regard, Collins does not point to any state-created impediments which allegedly prevented him from seeking habeas corpus relief in a timely manner. Nor does he show that he is asserting a right which has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Collins filed an original petition for the writ of habeas corpus, along with a motion for leave to file an original writ, with the Texas Court of Criminal Appeals. That court denied the motion for leave to file the original petition on July 11, 2018, meaning the original petition was not filed; thus, it could not have been "properly filed" within the meaning of 28 U.S.C. §2244(d)(2). As such, this petition did not toll the limitations period.

On November 25, 2019, some sixteen months after his motion for leave to file was denied by the Texas Court of Criminal Appeals, Collins filed a state habeas petition in the district court in Wood County where he had been convicted. This petition was filed almost seven months after Collins' limitations period expired. The Fifth Circuit has held that a state habeas corpus application filed after the limitations period has expired does not revive any part of this period. Villegas v.

Johnson, 184 F.3d 467, 472 (5th Cir. 1999). Thus, Collins' properly filed state habeas petition does not revive any portion of the limitations period, which expired on April 30, 2019.[2]

C. Equitable Tolling and Actual Innocence

Nor can Collins evade the statute of limitations through equitable tolling or actual innocence. The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). In making this determination, the Fifth Circuit has held that proceeding *pro se*, illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process are insufficient reasons for equitable tolling of the statute of limitations. Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000); *see also* Fisher v. Johnson, 174 F.3d 710, 713 n.11 (5th Cir. 1999).

The Supreme Court has stated that equitable tolling applies in federal habeas corpus challenges to state convictions, but that a petitioner may be entitled to such tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).

Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See* Davis, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely,

---

[2] If the original petition which Collins filed in the Texas Court of Criminal Appeals was counted as tolling the time period, despite not being properly filed, this petition was filed on May 31, 2018, and leave to file was denied on July 11, 2018, a period of 42 days. This would extend Collins' limitations period from April 30, 2019 to Tuesday, June 11, 2019. Collins' federal petition, which was signed on November 25, 2019, would thus still be untimely by some five and a half months.

risking injury to an important interest in human liberty." Lonchar v. Thomas, 517 U.S. 314, 324, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996).

The Fifth Circuit has explained that equitable tolling is not intended for those who "sleep on their rights." Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999). This comports with the Supreme Court's holding that "reasonable diligence" is required for entitlement to equitable tolling. Holland, 560 U.S. at 649; *see also* Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013).

The record in this case shows that Collins' conviction became final on April 30, 2018, and he filed an original writ petition, along with a motion for leave to file, in the Texas Court of Criminal Appeals on May 31, 2018. However, Texas law makes clear that an application for the writ of habeas corpus "must be filed with the clerk of the court in which the conviction being challenged was obtained." Tex. Code Crim. Pro. Art. 11.07, sec. 3(b). The bypassing of this procedure does not bespeak reasonable diligence.

Furthermore, the motion for leave to file Collins' original petition was denied by the Texas Court of Criminal Appeals on July 11, 2018, and Collins waited over a year and four months before filing his habeas petition in the convicting court on November 25, 2019. This extraordinary lapse of time - which itself exceeded the one-year limitations period - plainly shows a lack of reasonable diligence. *See* Diggs v. Vannoy, 840 F.App'x 779, 2021 U.S. App. LEXIS 644, 2021 WL 96047 (5th Cir., January 11, 2021), *citing* Stroman v. Thaler, 603 F.3d 299, 203-03 (5th Cir. 2010). Collins has failed to show any entitlement to equitable tolling of the statute of limitations.

Nor does Collins invoke the actual innocence exception to the statute of limitations. While a "persuasive showing" of actual innocence can serve as a gateway through which a petitioner may pass to evade the statute of limitations, *see* McQuiggin v. Perkins, 569 U.S. 383, 386, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), a federal habeas petitioner does not meet the threshold requirement of actual innocence unless he shows that in light of newly discovered evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Collins argues in his federal petition that the evidence is insufficient to support the finding of a deadly weapon, but he does not contend that he is actually innocent of the offense itself. *See* Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999) (the actual innocence exception is limited to cases in which the petitioner shows, as a factual matter, that he did not commit the crime of conviction). Even under the generous assumption that a claim of actual innocence of a finding that a deadly weapon was used can toll the statute of limitations in the same manner that a claim of actual innocence of the offense itself, Collins has not met the demanding actual innocence standard required for tolling the limitations period. Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (a federal habeas petitioner does not meet the threshold requirement of actual innocence unless he shows that in light of newly discovered evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt); House v. Bell, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (examples of such "new reliable evidence" include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial). Thus, he cannot avail himself of the actual innocence exception, and Collins' petition is barred by the statute of limitations.

**III. Conclusion**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See* Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

The prerequisite for either a certificate of probable cause or a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). To do this, he must demonstrate that the issues are debatable among jurists

of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. James v. Cain, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In this case, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that Collins' petition is barred by the statute of limitations. As a result, Collins is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as barred by the statute of limitations. 28 U.S.C. §2244(d). It is further recommended that a certificate of appealability be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or

general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

      Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

      **So ORDERED and SIGNED this 5th day of May, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE