UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:21-cv-00364

———

**Gentry Collins,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

———

**O R D E R**

Gentry Collins, proceeding pro se, petitions for a writ of habeas corpus. He challenges his conviction of assault causing bodily injury to a person with whom he had a dating relationship. Collins received a 56-year prison sentence for that crime.

Respondent filed an answer arguing that Collins' petition is barred by the statute of limitations. After reviewing the pleadings and state-court records, a magistrate judge issued a report recommending that the petition be dismissed as barred by the statute of limitations. Petitioner's time to object to that report was extended to July 20, 2022.

Petitioner has not, however, filed objections to the report. He has filed two motions to stay and abate the proceedings. The first such motion (Doc. 16) was denied on July 19, 2022. Doc. 17.

The second such motion (Doc. 18), filed on August 9, 2022, alleges that petitioner has been diagnosed with schizoaffective disorder (bipolar type), general anxiety disorder, and antisocial personality disorder and that he was prescribed various medications before the incident that gave rise to his conviction. Collins presents medical records including an undated list of diagnoses and four lists of current medications. Doc. 18-3 at 3–7. He claims that he failed to take his prescribed medications at the time of the offense. As a result, he claims to not remember the incident that led to his incarceration. He argues that a failure of memory shows that he was not sane at the time of the offense. Doc. 18 at 2.

Petitioner further argues that he received ineffective assistance of counsel because his attorney did not discover or present an insanity defense. Petitioner also alleges that his attorney conceded his guilt without investigating his mental-health history. *Id.* at 1–2. As a result, petitioner asserts that he is actually innocent and that he is entitled to equitable tolling of the statute of limitations. *Id.* at 3.

In the interest of justice, the court will review de novo petitioner's allegations in the second motion to stay as if they were objections to the magistrate judge's report and recommendation.

The Supreme Court has held that actual innocence, if proven, can serve as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013). This exception allows petitioners to present claims that would otherwise be procedurally barred. *Id.* The term "actual innocence" means innocence in fact, i.e., that the person did not commit the crime. In contrast, legal innocence arises when a constitutional violation by itself would require reversal regardless of factual innocence. *See Morris v. Dretke*, 90 F. App'x 62 (5th Cir. 2004) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

An actual-innocence claim based only on newly discovered evidence must surpass an "extraordinarily high" threshold of proof. *See Herrera v. Collins*, 506 U.S. 390 (1993). Here, petitioner offers no new evidence of actual innocence. He instead advances a legal theory that was available at trial. Because Collins' claim sounds in law, not in extraordinarily compelling new factual evidence, his contention is without merit.

In *Althouse v. Cockrell*, No. 3:01-CV-779, 2003 WL 21649966 (N.D. Tex. Mar. 28, 2003), the petitioner argued that he suffered from numerous significant psychological problems, including paranoid schizophrenia. The court, however, determined that there was no indication that petitioner could not manage his own affairs, understand his legal rights, or act upon those rights. The court explained that, while mental incompetency could support equitable tolling of the limitations period, such tolling is available only

when the asserted mental illness renders the petitioner unable to pursue his legal rights during the relevant time period. *Id.* at 10.

Here, petitioner argues that he is entitled to equitable tolling because he "suffers from a mental impairment and [is] unable to understand the need to even file a writ of habeas corpus." Doc. 18 at 3. Yet state-court records show that petitioner sought state habeas corpus relief in May 2018—during the limitations period— by filing his petition in the Texas Court of Criminal Appeals. Because the petition was filed in that court, it was treated as a motion for leave to file an original petition and was denied on July 11, 2018. Petitioner then waited more than sixteen months before filing a state-trial-court habeas petition on November 25, 2019.

Although petitioner seeks equitable tolling based on a claim of mental illness, state-court records show that he was able to prepare a state habeas petition during the limitations period, even if he filed it in the wrong court. He argues that he was mentally ill at the time of the alleged assault but offers nothing to suggest that he suffered from mental illness during the limitations period, much less that such illness was actually an impediment to filing in a timely manner. And while mental incompetency might sometimes support equitable tolling of a limitation period, *see Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (citing *Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232–33 (5th Cir. 1999)), circumstances similar to those in this case disfavor equitable tolling. *See, e.g.*, *id.* ("[A] brief period of incapacity during a one-year statute of limitations . . . does not necessarily warrant equitable tolling."); *Smith v. Kelly*, 301 F. App'x 375 (5th Cir. 2008) (holding that conclusory allegations of mental illness do not entitle petitioner to equitable tolling of the habeas limitations period). Collins' final contention is thus without merit.

The court overrules petitioner's objections and accepts the magistrate judge's report and recommendation. To the extent petitioner's second stay motion (Doc. 18) seeks relief beyond objecting to the report, that motion is denied. The petition for a writ of

habeas corpus is dismissed with prejudice as barred by the statute of limitations.

*So ordered by the court on August 31, 2022.*

J. CAMPBELL BARKER
United States District Judge